**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ELLIOTT S. WINFIELD,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:09-CV-249-Y** |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Elliott S. Winfield, TDCJ-ID #560304, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division, in the Robertson Unit in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ).

C.  FACTUAL AND PROCEDURAL HISTORY

Winfield is serving a sixty-year sentence in TDCJ on his 1990 state court conviction for

aggravated sexual assault.   (Petition at 2)   In this petition, Winfield challenges disciplinary proceedings conducted at the Robertson Unit on November 24, 2008, December 7, 2008, and January 9, 2009, resulting in the following sanctions:  recreation and commissary restrictions, reduction in line class status, and 30 days lost good time.   In November 2008 Winfield was reassigned from medical squad to the laundry facility, which he asserts is hazardous to his health and inconsistent with his medical restrictions.   Apparently, Winfield reported for work but was ordered to leave when he refused to sign safety or training documents or requested to sign the forms under duress.  Winfield was charged in Disciplinary Case Nos. 2009077329 (failing or refusing to work), 20090088119 (failing or refusing to obey an order), 200990106141 (failing or refusing to obey an order), and 20090103784 (failing or refusing to work).  The only disciplinary proceeding resulting in the loss of good time credits was Case No. 20090103784, which was overturned and deleted from TDCJ records.

## D.  GROUNDS

Winfield's claims are multifarious and construed as follows:  the disciplinary proceedings violated his constitutional rights because they were false and retaliatory, he was prohibited from presenting requested documentary evidence during the disciplinary hearings, his work assignment to the laundry facility is cruel and unusual punishment and reflects a deliberate indifference to his serious medical needs, his legal representative acted in concert with prison officials, the hearing officer confused him by yelling at him, and the denials of his Step 1 and Step 2 grievances were based on boiler-plate language.  (Petition at 7-16)

## E.  RULE 5 STATEMENT

Quarterman believes Winfield has exhausted his administrative remedies as to the claims

2

presented.  *See* 28 U.S.C. § 2254(b)(2).

F. DISCUSSION

*A.  Due Process*

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief.  *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993).   Winfield has no constitutionally protected interest in his prison custodial classification level, even though the change may reduce the rate at which he earns good time credits. *See Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995).  Nor do temporary recreation and commissary restrictions present an issue of constitutional magnitude.  *See Sandin v. Conner,* 515 U.S. 472, 484 (1995).   Only the loss of good time credits for an inmate eligible for mandatory supervision implicates a due process question.  Winfield lost good time credits in Case No. 20090103784, which was overturned and deleted from TDCJ records.  His punishment in the remaining cases does not implicate any protected liberty interests.  *See Madison v. Parker,* 104 F.3d 765, 769 (5th Cir. 1997). Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding.

*B.  Retaliation*

Claims of retaliation in the context of habeas corpus review of prison disciplinary proceedings are approached with scepticism.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and establish that but for the retaliatory motive the complained of incident would not have occurred. *Id.*  Thus, an inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.  *Id.*  This places a significant burden on the inmate.

3

*Id.*  Mere conclusory allegations of retaliation will not establish a violation of an inmate's constitutional rights.  *Id.*

Winfield asserts his work reassignment was made by the warden, who was aware of his medical status, and the warden told him, "If you want this S3 status, you gone work for it; you not gone be laying round."  Winfield also asserts that corrections officers brought numerous false disciplinary charges in an abusive and retaliatory manner.  There is no evidence in the record that the disciplinary actions were brought in retaliation.  Mere allegations, unsupported by any evidence in the record, fail to establish a constitutional violation.

*C.  Cruel and Unusual Punishment*

Winfield contends his reassignment to the laundry facility constitutes cruel and unusual punishment in violation of the Eighth Amendment and a deliberate indifference by prison officials to his medical status.  The appropriate vehicle in which to raise these claims is a civil rights action pursuant to 42 U.S.C. § 1983.

*D.  Neutrality of Hearing Officer*

Winfield claims the disciplinary hearing officer in Case No. 20090103784 attempted to confuse him by yelling at him in a threatening manner.  The audiotape recording of the disciplinary hearing was reviewed.  Although the hearing officer may have been, in one instance, verbally combative, there is no evidence that the hearing officer was predisposed to finding Winfield guilty.  Nevertheless, the finding of guilt in the case was overturned and deleted from TDCJ records, rendering the issue moot.

*E.  Ineffective Counsel*

Winfield claims his legal representative, or so-called "counsel substitute," provided deficient

4

representation by failing to present his case, advocate on his behalf, and provide requested documentation. A prison inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings. Thus, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing. *See Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir. 1976).

*F.   Grievance Procedure*

Winfield claims TDCJ's responses to his grievances are boilerplate. An inmate does not have a constitutionally protected liberty interest in the processing of his prison grievances or in having grievances resolved to his satisfaction, and thus there is no violation of due process when prison officials fail to do so. *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *Mahogany v. Miller,* 252 Fed. Appx. 593, 2007 WL 3145020, at *1 (5th Cir. Oct. 24, 2007). *See also Mann v. Adams,* 855 F.2d 639, 641 (9th Cir.), *cert. denied,* 488 U.S. 898 (1988) (holding that inmates have no legitimate claim of entitlement to a grievance procedure, and thus no protected liberty interest exists); *Flick v. Alba,* 932 F.2d 728, 730 (8th Cir. 1991) (same).

Winfield has failed to show that he has been denied a constitutionally protected interest. Accordingly, Winfield is not entitled to habeas corpus relief.

## II. RECOMMENDATION

Winfield's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 31, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 31, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 10, 2009.

  /s/   Charles Bleil                                         
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

6